# IN RE DISBARMENT OF CHARLES W. SMITH.[1]

August 24, 1931.

No. 28,534.

*Oscar G. Haugland* and *M. V. Seymour,* for state board of law examiners.

*Charles W. Smith,* pro se.

PER CURIAM.

The state board of law examiners has filed charges against Charles W. Smith, a lawyer, asking that he be disciplined. The facts as established by the accusation and the answer are these:

In January, 1927, counsel was employed by one John Franta to collect an account against one Louis Stumvall. A short time later counsel was employed by the same client to cancel a land contract and take the necessary steps to regain possession of the land involved therein.

In February, 1927, counsel collected $40 on the account. He informed his client of this, but treated the proceeds therefrom as a retainer in the second employment, which he then thought would involve a larger fee. But in a short time the land contract matter was adjusted and counsel did not claim to be entitled to more than $15 of the $40 in his hands belonging to the client. Payment of his check to his client for $25 was refused for want of funds. Counsel's financial condition was serious. He had unwisely indulged in the excessive use of intoxicating liquor to the detriment of his economic and professional standing. His earning capacity as a lawyer was thereby substantially impaired. He was subjected to the expense of taking one of his children to the hospital on two

[1]Reported in 237 N. W. 877.

occasions for operations; he and his wife were both ill with pneumonia. Because of his habits and the excessive and unusual expense to which he was subjected, he was unable to live·and support his family from his professional income.

In the period of degradation, counsel naturally ceased the practice of law for want of clients and was forced by necessity to seek the work of a layman. In these times of economic depression he found the way hard, and his insufficient earnings were scarcely enough to enable his family to live. He is simply unable to pay the $25 which he justly owes; a pitiful situation. We are not certain that counsel has the stability to utilize the opportunity that we have concluded to give him. He has now refrained from the use of liquor for more than a year and claims that he has permanently ceased the use thereof. There is little excuse for one qualified to be a lawyer to leave such a trail of weakness, shaming his family and dishonoring the legal profession. To err however is human. Our errors are much a matter of degree. We must all to some extent apply the Latin phrase "dum spiro spero" (while I breathe I hope).

Charles W. Smith is suspended from practicing law in Minnesota until September 1, 1932. Judgment will be entered accordingly.